Filed 10/23/20; See concurring opinion

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION**

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HENRY ALEXANDER JONES, JR.,<br><br>    Defendant and Appellant. | E072961<br><br>(Super.Ct.No. RIF74986)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Affirmed.

Ronda G. Norris, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Lynne G. McGinnis and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

1

Henry Jones appeals from the denial of his petition to vacate his murder conviction under Penal Code section 1170.95, the resentencing provision of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (SB 1437).[1] In 2000, Jones was convicted of attempted murder and first degree felony murder, and the jury also found true the robbery-murder special circumstance, which authorizes a sentence of life without the possibility of parole for "a major participant" in a felony murder who acted with "reckless indifference to human life." (§ 190.2, subds. (a)(17) & (d).) The trial court summarily denied Jones's section 1170.95 petition on the ground that his special circumstance finding rendered him ineligible for relief as a matter of law.

On appeal, Jones argues the trial court erred by denying his petition without the benefit of briefing from his counsel. He argues he can demonstrate a prima facie case for relief because his special circumstance finding no longer supports a felony-murder conviction after our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which clarified the meaning of "major participant" and "reckless indifference to human life."

Our appellate courts have recently split over whether such a pre-*Banks*/*Clark* special circumstance finding renders a petitioner ineligible for relief under section 1170.95 as a matter of law. (Compare *People v. Gomez* (2020) 52 Cal.App.5th 1 (*Gomez*), *People v. Galvan* (2020) 52 Cal.App.5th 1134 (*Galvan*), and *People v. Allison* (Oct. 2, 2020, B300575) __ Cal.App.5th __ [2020 Cal.App. Lexis 925] (*Allison*)

_____

[1] Unlabeled statutory citations refer to the Penal Code.

[concluding the special circumstance finding renders a petitioner ineligible for relief as a matter of law], with *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011 (*Torres*), *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835 (*Smith*), and *People v. York* (2020) 54 Cal.App.5th 250 (*York*) [reaching the opposite conclusion].) As we will explain, we agree with the *Gomez*/*Galvan* line of decisions and hold that a petitioner with a pre-*Banks*/*Clark* finding is ineligible for relief under section 1170.95 as a matter of law. We therefore affirm.[2]

# I

## FACTS

The underlying facts of Jones's murder conviction are not relevant to our analysis, so we recount them only briefly, taking from our unpublished opinion in his direct appeal *People v. Bishop et al.* (June 27, 2001, E027001) (*Bishop*). (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1134, 1138, review granted Mar. 18, 2020, S260598 [court may review record of conviction in assessing sufficiency of a section 1170.95 petition].)[3] In 1996, Jones and three other men committed a home invasion robbery during which they shot one resident three times and killed the other. Before trial, Jones confessed to state

---

[2] By a separate order concurrently filed in case number E072992, we have denied Jones's pro se petition for habeas corpus challenging the denial of his section 1170.95 petition.

[3] Our Supreme Court recently granted review of *People v. Lewis*, *supra*, 43 Cal.App.5th 1128 and will resolve, among other issues, whether a superior court may review the record of conviction when determining whether a section 1170.95 petitioner has made a prima facie showing of eligibility for relief.

detectives that he had been involved in the robbery and identified the three other men who had participated. (*Bishop*, *supra*, at pp. 11-17.) He said he had been with the three men the day before the incident and the group planned to rob the victims. On the way to the victims' residence, the group had stopped by a field to distribute firearms, and Jones had taken a shotgun. Jones offered to show the detectives where they hid their guns after the robbery. (*Id*. at p. 12.) At trial, the prosecution presented evidence Jones was armed during the robbery but wasn't one of the shooters.

The jury convicted Jones of attempted murder (§§ 664/187), first degree felony murder (§ 187) with the robbery-murder special circumstance (§ 190.2, subds. (a)(17)(A) & (d)), and found true the allegation he had personally used a firearm in committing both crimes (§ 12022.5, subd. (a)). The trial court sentenced him to life imprisonment without the possibility of parole for the murder and to life with the possibility of parole for the attempted murder. (*Bishop*, *supra*, at pp. 2-3.) Jones then appealed his conviction but raised no claims regarding the sufficiency of the evidence presented against him. We affirmed his conviction in 2001. (*Bishop*, *supra*, at p. 1.)

After *Banks* and *Clark* were decided in 2015 and 2016, respectively, Jones did not file a petition for writ of habeas corpus challenging the sufficiency of the evidence to support his special circumstance finding. However, in early 2019, shortly after SB 1437 went into effect, he filed a section 1170.95 petition to vacate his murder conviction. The People filed an opposition, arguing SB 1437 is unconstitutional and, in any event, Jones was not entitled to relief because in finding the special circumstance true, the jury had

4

found he was a major participant in the robbery who acted with reckless indifference to human life.

The court held a status conference on the petition. The prosecutor maintained that the special circumstance finding was reason enough to deny the petition. Jones's original trial attorney appeared on his behalf and asked for a four-month continuance. The court reviewed its files and verified that the instruction given at Jones's trial on the special circumstance allegation had required the jury to find he was a "major participant" in the robbery who acted with "reckless indifference to human life." The court didn't rule on the continuance request but concluded the special circumstance rendered Jones ineligible for relief as a matter of law and denied the petition.

## II

## ANALYSIS

Jones argues the trial court erred by not granting the request for a continuance to give his counsel an opportunity to file a reply brief. If allowed to file such a brief, he argues, he would be able to demonstrate a prima facie case for relief under section 1170.95. Specifically, he claims that his special circumstance finding is invalid under *Banks* and *Clark*, which he describes as "changes in the law since his conviction and sentencing." Citing *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1304, the People argue that the procedure established in section 1170.95 "is not a 'plenary proceeding' at which the defendant can reopen matters which have already been adjudicated"—such as prior jury findings.

5

We agree with the People and in doing so agree with the *Gomez*, *Galvan*, and *Allison* line of decisions. As we will explain, *Banks* and *Clark* did not change the law, and Jones's special circumstance finding renders him ineligible for relief under section 1170.95 as a matter of law.

A.    *SB 1437 and Section 1170.95*

SB 1437 took effect on January 1, 2019. Among other things, the legislation amended section 189 to restrict the circumstances under which a person can be liable for felony murder. Under the new section 189, a person who was not the actual killer can no longer be convicted of felony murder merely for participating in an enumerated felony that results in a death. Now, a person so accused must have aided and abetted the target crime of murder or acted as a "major participant in the underlying felony" and with "reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).)

SB 1437 also added section 1170.95 to the Penal Code. That provision creates a procedure for offenders previously convicted of felony murder to obtain the benefits of the amendment to section 189 retroactively. These individuals may petition for relief in the court where they were convicted. If a petitioner "makes a prima facie showing that [they are] entitled to relief," the trial court must issue an order to show cause and hold "a hearing to determine whether to vacate the murder conviction." (§ 1170.95, subds. (c) & (d)(1).) At that hearing, the parties "may rely on the record of conviction or offer new or additional evidence." (§ 1170.95, subd. (d)(3).) Significantly, it is the prosecution that

6

bears the ultimate burden of proof, not the petitioner. The statute says the People must "prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).) "If the prosecution fails to sustain its burden of proof the trial court is required to vacate the prior conviction and resentence the petitioner on the remaining charges." (*People v. Ramirez* (2019) 41 Cal.App.5th 923, 929 (*Ramirez*), citing § 1170.95, subd. (d)(3).)

As relevant here, to demonstrate entitlement to an evidentiary hearing, a petitioner must make a prima facie showing that they could not be convicted of first or second degree murder "because of changes to Section 188 or 189 made effective January 1, 2019."[4] (§ 1170.95, subd. (a)(3).)

B. *Jones Cannot Challenge His Special Circumstance Finding Under Section 1170.95*

A defendant with a special circumstance finding under section 190.2, subdivision (d) is not eligible for relief under section 1170.95 as a matter of law. This is because a jury has already found them to have satisfied the new definition of felony murder under amended section 189. Although they were not the actual killer, a jury found them to have been a major participant in the underlying felony who acted with reckless indifference to human life. (E.g., *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 419 [because "[t]he language of the special circumstance tracks the language of Senate Bill 1437 and

---

[4] In addition to altering the definition of felony murder, SB 1437 amended section 188 to provide that malice can no longer be imputed, thereby eliminating the natural and probable consequences theory of murder liability. Because this case does not involve that theory, we limit our discussion of SB 1437 and section 1170.95 to felony murder.

the new felony-murder statutes," a jury's true finding on section 190.2, subd. (d) renders a section 1170.95 petitioner ineligible for relief].)

A petitioner with a pre-*Banks*/*Clark* finding faces the same bar to relief under section 1170.95 as a petitioner with a post-*Banks*/*Clark* finding. This is because *Banks* and *Clark* did not create a new rule of law, but rather "clarified" the already-existing meaning of the phrases "major participant" and "reckless indifference to human life" for purposes of special circumstance allegations under section 190.2, subdivision (d). (*In re Scoggins* (June 25, 2020, S253155) __ Cal.App.5th __ [2020 WL 3525184, at *1] (*Scoggins*); see also *In re Miller* (2017) 14 Cal.App.5th 960, 978 (*Miller*).) The distinction between a new rule and a clarification matters for defendants, like Jones, who were tried and convicted before *Banks* and *Clark*.

If a judicial decision announces a new rule of law, the decision "may not be retroactive," and if it is not, then a defendant with a final conviction cannot take advantage of the new rule on a collateral attack on the judgment. (*Woosley v. State of California* (1992) 3 Cal.4th 758, 794.) If, however, a judicial decision only clarifies existing law, that means the decision simply "give[s] effect 'to a statutory rule that the courts had theretofore misconstrued.'" (*Ibid.*) "Where a decision clarifies the kind of conduct proscribed by a statute, a defendant whose conviction became final before that decision" is entitled to postconviction, habeas relief if "the undisputed facts" in the trial record demonstrate their conduct "'was not prohibited by the statute' as construed in the decision." (*Scoggins*, *supra*, __ Cal.App.5th __ [2020 WL 3525184] at *2-3, quoting

8

*People v. Mutch* (1971) 4 Cal.3d 389, 396.) The rationale behind the habeas rule in this particular context is that the trial court would have imposed the sentence of life without parole authorized by section 190.2 "in excess of its jurisdiction," as that statutory provision has always meant what our Supreme Court later said it meant in *Banks* and *Clark*. (*Mutch*, at p. 396.)

In a habeas proceeding challenging a pre-*Banks*/*Clark* special circumstance finding, the petitioner bears the burden of demonstrating that the finding must be vacated for insufficient evidence. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.) As the court explained in *Miller*, a postconviction challenge to a special circumstance finding under *Banks* and *Clark* presents a legal question for the reviewing court. (*Miller*, *supra*, 14 Cal.App.5th at pp. 979-980.) The challenge "does not require resolution of disputed facts; the facts are a given"—the appellate court simply determines if they are sufficient to support the special circumstance finding under the multi-factor guidance articulated in *Banks* and *Clark*. (*Miller*, at p. 980.) "When a defendant seeks habeas corpus relief, the underlying judgment is presumed valid. . . . In a habeas corpus challenge to the sufficiency of the evidence to support a special circumstance finding, the 'standard of review . . . is whether, when evidence that is reasonable, credible, and of solid value is viewed "in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the allegation beyond a reasonable doubt.'"" (*In re Bennett* (2018) 26 Cal.App.5th 1002, 1018, quoting *Clark*, *supra*, 63 Cal.4th at p. 610.)

The only difference, then, between a pre-*Banks*/*Clark* special circumstance finding and a post-*Banks*/*Clark* finding is at the level of appellate review. If the finding was challenged on direct appeal before *Banks* and *Clark*, appellate review of the sufficiency of the evidence to support the finding was not informed by *Banks* and *Clark*. Thus, the proper procedure for Jones to challenge his special circumstance finding is to file a habeas petition and demonstrate the finding is not supported by sufficient evidence under *Banks* and *Clark*. (See *Ramirez*, *supra*, 41 Cal.App.5th at pp. 926-928, 933 [directing trial court to grant Ramirez's section 1170.95 petition because he had been successful in getting his special circumstance finding vacated on habeas review].) This postconviction procedure has been available to Jones since the issuance of *Banks* in 2015.

We recognize the *Torres*/*Smith*/*York* line of cases have concluded that petitioners with pre-*Banks*/*Clark* findings are entitled to challenge those findings in an evidentiary hearing under section 1170.95. We respectfully disagree with those decisions because, in our view, they rest on a misunderstanding of the effect of *Banks* and *Clark*, and they overlook the plain language of section 1170.95.

*Torres*, *Smith*, and *York* describe *Banks* and *Clark* as opinions that construed "major participant" and "reckless indifference" "'in a significantly different, and narrower manner than courts had previously.'" (*York*, *supra*, 54 Cal.App.5th at p. 258, citing *Torres*, *supra*, 46 Cal.App.5th at p. 1179 and *Smith*, *supra*, 49 Cal.App.5th at p. 93.) *Smith* reasoned that it would be error to deny a section 1170.95 petition on the basis of a pre-*Banks*/*Clark* special circumstance finding because "the factual issues that

10

the jury was asked to resolve [before *Banks* and *Clark*] are not the same factual issues our Supreme Court has since identified as controlling." (*Smith*, at p. 94.)

We agree with *Allison* that this view exaggerates the impact of *Banks* and *Clark*. As *Allison* observed, "[t]he phrases 'major participant' and 'reckless indifference to human life' do not have specialized definitions, but are interpreted as they are used in common parlance. [Citations.] Jury instructions regarding the mental state required for a felony-murder special circumstance are not defective if they do not include the *Banks* and *Clark* factors. [Citation.] Indeed, the pattern jury instruction regarding major participation and reckless indifference remains the same as it was before *Banks* and *Clark*." (*Allison*, *supra*, ___ Cal.App.5th ___ [2020 Cal.App. Lexis 925] at *11.) We also agree with *Allison* that petitioners like Jones "had the same incentive" at their original trials to attempt to minimize their involvement in the robbery and their culpability for the killings as they would have had if their trials "had taken place after *Banks* and *Clark*." (*Allison*, at *12.) In short, *Banks* and *Clark* did not significantly narrow the definitions of "major participant" and "reckless indifference," and there is no basis for concluding that Jones's jury was asked to resolve different factual issues than a correctly instructed post-*Banks*/*Clark* jury would be asked to resolve.

We also find the holdings and reasoning in *Torres*, *Smith*, and *York* to be inconsistent with the text and structure of section 1170.95, which expressly limits evidentiary hearings to those petitioners who can show they "could not be convicted of first or second degree murder *because of* changes to Section 188 or 189 made effective

11

January 1, 2019." (§ 1170.95, subd. (a)(3), italics added.) For Jones, that means he is entitled to an evidentiary hearing only if he first shows he could not now be convicted of felony murder—*because of the change affected by the amendment of section 189.* (§ 1170.95, subd. (a)(3).) But Jones's challenge is to his special circumstance finding, which is unaffected by the Legislature's amendment of the felony-murder rule. It's true the amendment built into the definition of felony murder the major-participant-acting-in-reckless-disregard standard already found in section 190.2. (§ 189, subd. (e)(3).) However, that standard, even as clarified by *Banks* and *Clark*, predated the 2019 amendment to section 189. Thus, Jones is not seeking relief "because of" the changes to section 189. It's not the amendment to section 189 that gives him a basis for challenging his murder conviction; it's *Banks* and *Clark* that give him a basis for challenging his special circumstance finding. By its terms, section 1170.95 provides a way to challenge a *murder conviction* based on changes to *section 189*, not a special circumstance finding. (*Allison*, *supra*, ___ Cal.App.5th ___ [2020 Cal.App. Lexis 925] at pp. *16-17.)

This interpretation also finds support in the structure of the statute, specifically the burden and standard of proof the Legislature has imposed for obtaining relief at a section 1170.95 evidentiary hearing. As noted, a petitioner who challenges a pre-*Banks*/*Clark* finding on habeas must establish that the record contains insufficient evidence to support a conclusion they acted as a major participant or with reckless indifference to human life. (*People v. Duvall*, *supra*, 9 Cal.4th at p. 474; *Scoggins*, *supra*, __ Cal.App.5th __ [2020 WL 3525184] at *10.) By contrast, a petitioner who demonstrates a prima facie case for

12

relief under section 1170.95 has shifted the burden to the People to prove beyond a reasonable doubt that they are ineligible for resentencing (that is, they still *could be* convicted of murder despite the change to the felony-murder rule in section 189). (§ 1170.95, subds. (a) & (d).) Jones's position and the *Torres*/*Smith*/*York* line of cases would read into section 1170.95 a new procedure allowing petitioners to ignore a special circumstance finding—no matter how well supported in the record—as well as the recognized method of challenging it. Such petitioners would be allowed to relitigate a prior jury finding at an evidentiary hearing where the prosecution bears the burden of proving the truth of the finding, beyond a reasonable doubt, a second time.

Section 1170.95 was enacted to require the prosecution to prove *new* elements that were not previously necessary for a murder conviction based on accomplice liability. Nothing in section 1170.95 indicates the Legislature intended to provide defendants who failed to diligently seek habeas review a second and significantly easier way to challenge their pre-*Banks*/*Clark* special circumstance findings. Indeed, nothing in section 1170.95 indicates that the provision can be used to challenge *any* prior jury finding. We therefore conclude Jones's special circumstance finding renders him ineligible for relief under section 1170.95 as a matter of law and the trial court properly denied his petition without an evidentiary hearing.

### III

### DISPOSITION

We affirm the order denying Jones's petition.

CERTIFIED FOR PUBLICATION

SLOUGH
J.

I concur:

RAMIREZ
P. J.

[*People v. Jones*, E072961]

MENETREZ, J., Concurring.

I concur in the majority opinion. I write separately to articulate my views on several of the issues presented concerning recent case law and Penal Code section 1170.95 (further statutory citations are to this code).

I. *Section 1170.95 and the Scope of* Banks *and* Clark

*People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) clarified the meaning of the phrases "major participant" and "reckless indifference to human life" for purposes of special circumstances allegations under section 190.2, subdivision (d). *Banks* and *Clark* provide a nonexhaustive list of factors that "may play a role in determining whether" a defendant was a major participant who acted with reckless indifference, but none of the listed factors "is necessary, nor is any one of them necessarily sufficient." (*Banks*, *supra*, at p. 803.)

*Banks* and *Clark* did not state a new rule of law but rather clarified the already-existing meaning of the statutory phrases "major participant" and "reckless indifference to human life." (*In re Miller* (2017) 14 Cal.App.5th 960, 978-979 (*Miller*).) In addition, *Banks* and *Clark* did not expressly require that juries be instructed on those clarifications.

Accordingly, in the wake of *Banks* and *Clark*, no mandatory language was added to the CALCRIM instructions on special circumstances under section 190.2, subdivision (d). Optional language describing the *Banks* and *Clark* factors was added. (CALCRIM

1

No. 703.)  The bench notes state that *Banks* "stopped short of holding that the court has a sua sponte duty to instruct on those factors," and *Clark* "did not hold that the court has a sua sponte duty to instruct on those factors."  (Judicial Council of Cal. Crim. Jury Instns. (2019) Bench Note to CALCRIM No. 703; see *People v. Gomez* (2020) 52 Cal.App.5th 1, 14, fn. 6 (*Gomez*).)

Even the optional language that was added to the CALCRIM instructions in light of *Banks* and *Clark* does not require the jury to consider any additional questions or resolve any additional issues.  As to reckless indifference, the optional language states, "When you decide whether the defendant acted with reckless indifference to human life, consider all the evidence.  No one of the following factors is necessary, nor is any one of them necessarily enough, to determine whether the defendant acted with reckless indifference to human life.  Among the factors you may consider are," followed by a list of the factors identified in *Clark*.  (CALCRIM No. 703.)  The optional language concerning major participant is identical.  The only requirement imposed on the jurors is that they consider all the evidence.  Everything else is optional (the jury "may" consider the listed factors, among others).  (CALCRIM No. 703.)

Consequently, a correctly instructed post-*Banks*/*Clark* jury that found the defendant was a major participant who acted with reckless indifference to human life will not necessarily have received instructions that differ at all from those given to a pre-*Banks*/*Clark* jury that made such a finding.  And even if the post-*Banks*/*Clark* jury was instructed with the new, optional language, those additional instructions merely required

2

the jury to consider all the evidence and listed some factors the jury *may* consider. The issues resolved and questions answered by juries before and after *Banks* and *Clark* will be exactly the same.

As a result, I agree with the majority opinion that the only necessary difference between a pre-*Banks*/*Clark* special circumstance finding and a post-*Banks*/*Clark* finding is at the level of appellate review: If the finding was challenged on direct appeal before *Banks* and *Clark*, then appellate review of the sufficiency of the evidence to support the finding was not guided by *Banks* and *Clark*. Similarly, it is also possible that a defendant appealing before *Banks* and *Clark* did not challenge the sufficiency of the evidence because then-existing case law did not provide a basis for such a challenge, but the same defendant might now have a colorable appellate argument in light of *Banks* and *Clark*.

I also agree with the majority opinion that several recent cases involving section 1170.95 petitions filed by defendants with pre-*Banks*/*Clark* special circumstance findings appear to be based on a misunderstanding of the impact of *Banks* and *Clark*. *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835 (*Smith*), determined that a section 1170.95 petition cannot be denied on the basis of a special circumstance finding from 1994 (long before *Banks* and *Clark*) because "the factual issues that the jury was asked to resolve in 1994 are not the same factual issues our Supreme Court has since identified as controlling," and "[i]t would be inappropriate to 'treat[] [the 1994] findings as if they resolved key disputed facts' when the jury did not have the same questions before them." (*Smith*, *supra*, at pp. 93-94.)

3

*Smith*'s basis for those statements is not clear, but all of them appear to be incorrect. A correctly instructed pre-*Banks*/*Clark* jury was "asked to resolve" exactly "the same factual issues," "'resolved'" the same "'key disputed facts,'" and had "the same questions before them" as a correctly instructed post-*Banks*/*Clark* jury. (*Smith*, *supra*, 49 Cal.App.5th 93.) Again, the only necessary difference between a pre-*Banks*/*Clark* finding and a post-*Banks*/*Clark* finding is at the level of appellate review.

The same misunderstanding of the impact of *Banks* and *Clark* appears in both *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011 (*Torres*), and *People v. York* (2020) 54 Cal.App.5th 250, 258 (*York*). *Torres* concluded that it was error for the trial court to treat a pre-*Banks*/*Clark* finding as if it "resolved key disputed facts." (*Torres*, *supra*, at p. 1180.) *York* likewise reasoned that "the factual issues that the jury was asked to resolve in a trial that occurred before *Banks* and *Clark* were decided are not the same factual issues our Supreme Court has since identified as controlling." (*York, supra,* at p. 258.) Similarly, *York* observed that a defendant with a pre-*Banks*/*Clark* special circumstance finding should not be treated differently from a defendant with no special circumstance finding at all, because "[a] jury has not determined whether the defendant was a 'major participant' who acted with 'reckless indifference' under correctly articulated standards in either case." (*York,* at p. 258.) That is, under *York* a defendant who was found before *Banks* and *Clark* to be a major participant who acted with reckless indifference to human life should be treated (for purposes of section 1170.95) as if the finding did not exist.

4

For the reasons already given, all of those statements appear to be incorrect. There is no basis to conclude that a pre-*Banks*/*Clark* jury resolved different factual issues, answered different questions, or applied different standards from a post-*Banks*/*Clark* jury. There is consequently no basis for *York*'s reasoning that, for purposes of section 1170.95, a defendant who was found before *Banks* and *Clark* to be a major participant who acted with reckless indifference to human life should be treated the same as a defendant with no such finding at all.

A proper understanding of the impact of *Banks* and *Clark* also has implications for the preclusive effect of special circumstance findings. *Smith*, *Torres*, and *York* all conclude that a pre-*Banks*/*Clark* finding should not be treated as preclusive (at least for purposes of section 1170.95), because the jury did not resolve "the same factual issues our Supreme Court has since identified as controlling." (*York*, *supra*, 54 Cal.App.5th at p. 258; see also *Smith*, *supra*, 49 Cal.App.5th at p. 93 [pre-*Banks*/*Clark* finding "[d]oes [n]ot [p]reclude [e]ligibility" for relief under section 1170.95 because "the factual issues that the jury was asked to resolve . . . are not the same factual issues our Supreme Court has since identified as controlling"]; *Torres*, *supra*, 46 Cal.App.5th at p. 1180 [pre-*Banks*/*Clark* finding does not "preclude [the petitioner] from relief as a matter of law" because it is error to treat such findings "as if they resolved key disputed facts"]; *York,* at p. 262 [citing *Smith* and *Torres* for the proposition that a pre-*Banks*/*Clark* finding "does not preclude relief under section 1170.95 as a matter of law"].)

5

Again, there appears to be no basis for that line of reasoning. A pre-*Banks*/*Clark* jury resolved the same factual issues beyond a reasonable doubt that a post-*Banks*/*Clark* jury resolved beyond a reasonable doubt—the mandatory instructions did not change, and the only requirement imposed by the new, optional instructions is to consider all the evidence. Consequently, there is nothing inherently defective or suspect about a pre-*Banks*/*Clark* finding that the defendant was a major participant who acted with reckless indifference to human life. The only difference is that if the judgment became final before *Banks* and *Clark*, then the jury's findings have not been subjected to appellate review under *Banks* and *Clark*. But that should not diminish the preclusive effect of the findings. Jury findings in final judgments are ordinarily preclusive unless and until they are overturned by collateral attack, regardless of whether they were subjected to appellate review.

For all of these reasons, there does not appear to be a sound doctrinal basis for treating the preclusive effect of a pre-*Banks*/*Clark* special circumstance finding differently from the preclusive effect of a post-*Banks*/*Clark* finding.

II. *Prior Jury Findings, Section 1170.95's Requirements for Relief, and Harmless Error*

*Gomez* and *People v. Galvan* (2020) 52 Cal.App.5th 1134 (*Galvan*) held that a petition under section 1170.95 is not a proper procedural vehicle for challenging a murder conviction by attacking a prior special circumstance finding. There is a split of authority on the issue, but I agree with the majority opinion that *Gomez* and *Galvan* are correct.

6

In *Galvan*, a jury had found the petitioner was a major participant who acted with reckless indifference to human life. (*Galvan*, *supra*, 52 Cal.App.5th at p. 1139.) But the petitioner argued that because the finding preceded *Banks* and *Clark*, it did not bar relief under section 1170.95. (*Galvan*, at p. 1141.) *Galvan* rejected the argument because section 1170.95 provides relief only for petitioners who "could not be convicted of first or second degree murder because of changes to Section[s] 188 or 189" made by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437). (§ 1170.95, subd. (a)(3).) The court reasoned as follows: "Although Galvan is asserting that he could not now be convicted of murder, the alleged inability to obtain such a conviction is not 'because of changes' made by Senate Bill No. 1437, but because of the clarification of the requirements for the special circumstance finding in *Banks* and *Clark*. Nothing about those requirements changed as a result of Senate Bill No. 1437." (*Galvan*, at p. 1142.) Thus, because the petitioner's challenge to his murder conviction was based on his *Banks*/*Clark* challenge to his special circumstance finding, he did not meet the statutory requirement that he could not be convicted of murder because of Senate Bill 1437's changes to sections 188 and 189.

*York* disagreed with *Galvan*'s analysis. *York* explained that "[w]hat permits a defendant convicted of felony murder to challenge his or her murder conviction based on the contention that he or she was not a major participant in the underlying felony who acted with reckless indifference to human life, are the changes Senate Bill 1437 made to sections 188 and 189, and in particular the addition of section 189, subdivision (e)(3), not

7

the rulings in *Banks* and *Clark*. This is readily apparent from the fact that, even a petitioner who successfully challenged a special circumstance finding after *Banks* and *Clark*, but before Senate Bill 1437 became effective, remained convicted of murder. [Citation.] It took the changes wrought by Senate Bill 1437 to permit the challenge to the murder conviction itself." (*York*, *supra*, 54 Cal.App.5th at p. 261.) But *York* also included a footnote expressly reserving the question of whether a post-*Banks*/*Clark* special circumstance finding would be preclusive for purposes of section 1170.95. (*York*, at p. 258, fn. 5.)

I believe *York*'s analysis is unsound for the reasons given in *People v. Allison* (Oct. 2, 2020, No. B300575) __ Cal.App.5th __ [2020 Cal.App. Lexis 925] (*Allison*). As *Allison* explains, "notwithstanding *York*'s cautious footnote, the consequence of *York*'s analysis is that no prior jury findings would ever preclude relief under section 1170.95. No matter how conclusively the prior findings establish the defendant's liability for murder under amended sections 188 and 189, the defendant would always be able to make the same argument endorsed in *York*: What permits the defendant to challenge his murder conviction based on the contention that the prior findings were wrong are the changes made to sections 188 and 189, and that is all that subdivision (a)(3) of section 1170.95 requires. Thus, even if the jury found that the defendant was the actual killer or acted with intent to kill or otherwise acted with malice, relief under section 1170.95 might still be available—none of those findings was required for murder liability before Senate Bill No. 1437 (because a defendant who lacked malice and was not the actual

8

killer could still have been convicted on a felony murder or natural and probable consequences theory). As a result, the petitioner could contend, under *York*, that he or she was not the actual killer or did not act with malice, and therefore could not be convicted of murder because of the changes Senate Bill No. 1437 made to sections 188 and 189. Thus, every convicted murderer who could make a prima facie showing (whatever that might be) that the prior findings were factually incorrect would be entitled to a bench trial de novo on those findings.

"We do not believe it is reasonable to interpret section 1170.95 as allowing for such challenges, namely, challenges based on attacks on prior factual findings. Nothing in the language of section 1170.95 suggests it was intended to provide redress for allegedly erroneous prior fact-finding. In particular, subdivision (a)(3) of section 1170.95 says nothing about erroneous prior findings or the possibility of proving contrary facts if given a second chance. Rather, it requires that the petitioner could not be convicted of murder *because of the changes to sections 188 and 189*, not *because a prior fact finder got the facts wrong*. The purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.

"For these reasons, we disagree with *York* and believe that [*People v.*] *Verdugo* [(2020)] 44 Cal.App.5th 320, review granted March 18, 2020, S260493, correctly describes the role of prior factual findings in analysis of a petition under section 1170.95. According to *Verdugo*, relief under section 1170.95 is barred if a prior finding shows the

petitioner 'was convicted on a ground that remains valid notwithstanding Senate Bill No. 1437's amendments to sections 188 and 189.' (*Verdugo*, *supra*, 44 Cal.App.5th at p. 330.) *Verdugo*'s interpretation is faithful to the language of subdivision (a)(3) of section 1170.95: If the prior finding shows the petitioner meets the requirements for murder liability under amended sections 188 and 189, then it is not true that the petitioner could not be convicted of murder *because of the changes to sections 188 and 189*, and the petition must be denied." (*Allison*, *supra*, at pp. *16-17.)

Subdivision (d) of section 1170.95, which provides for a hearing at which the parties can introduce new evidence and the prosecution bears the burden of proof beyond a reasonable doubt, does not suggest a contrary conclusion. Senate Bill 1437's changes to sections 188 and 189 created new requirements for murder liability—there are now facts that are necessary for murder liability that previously were not necessary. As a result, there may be cases in which the dispositive factual issues have not previously been resolved. (*Smith*, *Torres*, and *York* assume that all pre-*Banks*/*Clark* special circumstances cases fall into this category; as previously explained, that is incorrect.) For example, a defendant may have been convicted of murder on a natural and probable consequences theory with no express finding of malice, or on a felony murder theory with no express finding that the defendant was the actual killer or acted with intent to kill or was a major participant in the underlying felony who acted with reckless indifference to human life. In those situations (and assuming all statutory requirements have been met), subdivision (d) of section 1170.95 provides for a hearing to address any newly necessary facts *that*

10

*have not previously been found.* But nothing in the statute suggests that the purpose of subdivision (d) of section 1170.95 is *to open up factual issues that have previously been determined.* Facts that have already been found are a given. Again, as *Allison* explained, "[t]he purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189" against the backdrop of any facts that have already been found, not to give defendants a "do-over on factual disputes that have already been resolved." (*Allison, supra,* 2020 Cal.App. Lexis at p. *17.)

For all of the foregoing reasons, I agree with the majority opinion that *Galvan* and *Gomez* are correct: Section 1170.95 is not a proper procedural vehicle for challenging a murder conviction by attacking a prior factual finding.

I further agree with the majority opinion that one possible source of *York*'s missteps is its failure to attend carefully to the terms of the statute. The second sentence of the opinion states that section 1170.95 and Senate Bill 1437 "provide for vacatur of a defendant's murder conviction and resentencing if the defendant was convicted of felony murder and the defendant (1) was not the actual killer, (2) did not act with the intent to kill, and (3) was not a major participant in the underlying felony who acted with reckless indifference to human life." (*York, supra,* 54 Cal.App.5th at pp. 253-254.) Section 1170.95 does not so provide. The statute provides for vacatur of the murder conviction only if the petitioner *could not be convicted* of murder because of Senate Bill 1437's changes to sections 188 and 189. Thus, where *York* said "was not the actual killer"

11

(*York*, at p. 253), it should have said "could not be found to have been the actual killer," and so forth.

*York* relied on *Torres* and *Smith*, both of which are problematic for similar reasons. Both *Torres* and *Smith* focused on whether the jury's pre-*Banks*/*Clark* special circumstance finding is preclusive. (*Torres*, *supra*, 46 Cal.App.5th at pp. 1178-1180; *Smith*, *supra*, 49 Cal.App.5th at pp. 93-94.) But neither case addressed the question of whether the petitioner made any showing that he met the requirements of section 1170.95, namely, that he *could not be convicted* of murder because of Senate Bill 1437's changes to sections 188 and 189.

For example, *Torres* concluded that reversal was required because there was "a *possibility* that [the petitioner] was punished for conduct that is not prohibited [under current law]." (*Torres*, *supra*, 46 Cal.App.5th at p. 1180, italics added.) But section 1170.95 expressly requires far more than a mere possibility that the petitioner is innocent under current law or might be acquitted by a jury under current law. It requires that the petitioner *could not be convicted*—that is, there is *no possibility of conviction*—under current law.

*Torres* did not analyze whether the petitioner made a prima facie showing in the trial court that he could not be convicted under current law. Nor did *Torres* analyze whether the petitioner demonstrated on appeal that it was reasonably probable that he would be able to make such a showing on remand. If the petitioner did not do so, then he failed to show prejudice, so reversal was not warranted. (*People v. Watson* (1956) 46

12

Cal.2d 818, 836-837.)  Indeed, *Torres* did not even answer the question whether it was *possible* that the petitioner could make such a showing on remand.

Smith is similar.  *Smith* reversed because it was "*conceivable* that [the petitioner] may be able to provide evidence not presented at trial that would demonstrate either that he *was not* a major participant in the robbery or *did not* act with reckless indifference to human life." (*Smith*, *supra*, 49 Cal.App.5th at p. 95, italics added.)  Again, the analysis applies the wrong standard, both for the trial court's determination of eligibility or entitlement to relief and for the appellate court's determination of prejudice.  The petitioner's burden in the trial court is not merely to show that he *was not* a major participant who acted with reckless indifference but rather to show that he *could not be found to be* a major participant who acted with reckless indifference (and hence *could not be convicted* of murder).  And in order to find any error by the trial court prejudicial, the appellate court must find not merely that it is *conceivable* that the appellant could have obtained a better result absent the error but rather that it is *reasonably probable* that the appellant would obtain a better result.  *Smith* contains no analysis applying the proper standards.  That is, it did not analyze whether the appellant showed on appeal that it was reasonably probable that on remand he would be able to show that he *could not be convicted* of murder because of Senate Bill 1437's changes to section 188 and 189.

There is one additional aspect of *York*'s criticism of *Galvan* that is puzzling.  The majority opinion in *York* asserts that *Galvan* mischaracterizes prior case law as holding that "a defendant may challenge a felony murder special circumstance by means of a

13

petition under section 1170.95." (*Galvan*, *supra*, 52 Cal.App.5th at p. 1141; see *York*, *supra*, 54 Cal.App.5th at p. 260.) *York* explains that the prior cases hold no such thing and that such a holding would be erroneous, because "section 1170.95 permits a petitioner to challenge a *murder conviction*," not a special circumstance finding (although the statute provides that if the challenge to the conviction succeeds, then any associated enhancement and special circumstance findings must be vacated as well). (*York*, at p. 260.) The *York* concurrence emphasizes the same point, expressing agreement with the majority's "astute observation that a section 1170.95 petition is not a challenge to a special circumstance finding but rather a challenge to the associated murder conviction that can obviously result in vacatur of a special circumstance finding as a collateral consequence." (*York*, at pp. 263-264 (conc. opn. of Baker, J.).)

It is not clear what point the *York* opinions are making here, or what error in *Galvan* they purport to identify. On the one hand, *Galvan* expressly agreed with the proposition that section 1170.95 is a mechanism for challenging a murder conviction. (*Galvan*, *supra*, 52 Cal.App.5th at p. 1139 [section 1170.95 "established a procedure for vacating murder convictions"].) Nothing in *Galvan* suggests otherwise or suggests that the *Galvan* court thought that prior case law was to the contrary. On the other hand, the petitioners in *Galvan*, *York*, *Torres*, and *Smith* all sought under section 1170.95 to challenge their murder convictions *by attacking their prior special circumstance findings*. *York* expressly recognized this: The petitioner's challenge to the murder conviction was "based on the contention that [the petitioner] was not a major participant in the

14

underlying felony who acted with reckless indifference to human life" despite a prior jury finding to the contrary. (*York*, *supra*, 54 Cal.App.5th at p. 261.) Under *Smith* and *Torres* (and *York*), section 1170.95 is a proper procedural vehicle for such a challenge to the conviction. Under *Galvan* and *Gomez*, it is not.

Thus, it appears to be universally agreed that section 1170.95 is for challenging murder convictions and that, in the relevant cases, the petitioners are challenging their murder convictions via section 1170.95 by attacking their prior special circumstance findings. *York* does not explain why either of those uncontroversial observations is of any consequence for the dispute between *Smith*, *Torres*, and *York*, on the one hand, and *Gomez* and *Galvan*, on the other.

III. *Section 1170.95 and Due Process*

*Torres* suggested that failing to reverse the denial of the appellant's petition would implicate due process: Because the pre-*Banks*/*Clark* jury's special circumstance finding did not actually "resolve[] key disputed facts," it was possible that the petitioner "was punished for conduct that is not prohibited by section 190.2 as currently understood, in violation of [the petitioner's] constitutional right to due process." (*Torres*, *supra*, 46 Cal.App.5th at p. 1180.) *Torres* cites *Miller* as support for its reasoning and then adds that "[i]t would be unjust to permit a court to deny a petitioner relief on the basis of facts that the jury did not necessarily find true, and which may not be sufficiently supported by the record." (*Torres*, at p. 1180.)

15

The court's reasoning is based on an incorrect understanding of the effect of *Banks* and *Clark*, as previously discussed—a pre-*Banks*/*Clark* jury did resolve key disputed facts and did necessarily find true the same facts that a post-*Banks*/*Clark* jury necessarily found true. But in addition, *Torres* misapplies *Miller*'s due process analysis.

In *Miller*, the court granted a habeas petition seeking to vacate a pre-*Banks*/*Clark* special circumstance finding on the ground that it was not supported by substantial evidence. (*Miller*, *supra*, 14 Cal.App.5th at pp. 974-977.) The Attorney General argued, however, that the petitioner's substantial evidence challenge was barred because it had already been rejected on a pre-*Banks*/*Clark* direct appeal. (*Id.* at p. 977.) The court disagreed, because (1) "[f]or purposes of legal analysis, *Banks* and *Clark* did not create new law; they simply stated what section 190.2, subdivision (d) has always meant," so *Banks* and *Clark* apply to pre-*Banks*/*Clark* special circumstance findings, and (2) the rejection of the defendant's substantial evidence argument on direct appeal did not bar consideration of the sufficiency of the evidence on the post-*Banks*/*Clark* habeas petition, because the direct appeal preceded *Banks* and *Clark* and hence was not informed by the Supreme Court's clarification of section 190.2's meaning. (*Miller*, at pp. 977-979.)

I agree with all of that reasoning from *Miller*, but *Torres* misapplied it. *Miller* concluded that the special circumstance finding was not supported by substantial evidence under *Banks* and *Clark*, so it would violate due process to punish the defendant on the basis of that finding. But in *Torres*, the court did not conclude that the special circumstance finding was not supported by substantial evidence under *Banks* and *Clark*.

16

It did not even determine that it was possible or conceivable that the finding was not supported by substantial evidence under *Banks* and *Clark*. Consequently, the analysis in *Torres* fails to show even the possibility of a due process violation under *Miller*.

For all of the foregoing reasons, I agree with the majority that we should follow *Gomez* and *Galvan*, not *Smith*, *Torres*, and *York*. There is no basis to disregard pre-*Banks*/*Clark* special circumstance findings, which should have the same preclusive effect as post-*Banks*/*Clark* findings (subject to post-*Banks*/*Clark* substantial evidence review on habeas, as in *Miller*). Section 1170.95 is not a proper procedural vehicle for challenging a murder conviction by attacking a prior factual finding, because section 1170.95 provides relief only to petitioners who could not be convicted of murder because of Senate Bill 1437's changes to sections 188 and 189. And denying a section 1170.95 petition on the basis of a pre-*Banks*/*Clark* special circumstance finding does not implicate due process. If the petitioner believes the finding is not supported by substantial evidence under *Banks* and *Clark*, then the petitioner's remedy for that error is habeas corpus, not section 1170.95.

MENETREZ          
J.

17